IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNICE WARD, as beneficial owner of the WARD REVOCABLE LIVING TRUST, and SOUTH SUBURBAN HOUSING CENTER, | ) ) ) ) |
| Plaintiffs, | ) No. |
| vs. | ) ) ) |
| WILLIAM R. DOWNS JR. and the FOREST VIEW CONDOMINIUMS II, Defendants. | ) ) ) |

**COMPLAINT FOR EMERGENCY INJUNCTIVE
AND DECLARATORY RELIEF AND DAMAGES**

NOW COME THE PLAINTIFFS, BERNICE WARD as beneficiary of The WARD REVOCABLE LIVING TRUST (hereinafter "Ward") and the SOUTH SUBURBAN HOUSING CENTER, by their attorneys, Kinoy, Taren and Geraghty P.C., and hereby complain against defendants as follows:

**I. INTRODUCTION**

1. This action is brought pursuant to the Fair Housing Act of 1968, as amended, 42 U.S.C. §3601 *et. seq.*, against a condominium association and its Board President to enjoin the defendants from continuing to discriminate against families with children. Because of the defendants' discriminatory By-law which prohibits occupancy by children under the age of 16, Plaintiff Ward will be unable to complete the pending sale of her condominium unit.

Plaintiffs are seeking emergency injunctive relief and actual and punitive damages against defendants.

1

## II. JURISDICTION

2. This Court has jurisdiction over the subject matter of this case pursuant to 42 U.S.C. § 3612 and 28 U.S.C. §1331, 1332 and 1343. This Court has supplemental jurisdiction over the Plaintiff Ward's state law claim for breach of fiduciary duty. Venue is proper in the Northern of District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) since the action arose in the District and the property that is the subject of the action is situated in the Northern District.

## III. PARTIES

### A. Plaintiffs

3. Plaintiff Bernice Ward as beneficiary of the Ward Revocable Living Trust is the equitable owner of the residential condominium unit located at 18560 Escanaba Court, Unit 312, Lansing, IL, 60438. Ms. Ward is a 93-year old citizen of the United States who currently resides in a nursing home within the Northern District of Illinois. Ms. Ward needs to sell her condominium unit to pay for her current living expenses.

4. Plaintiff South Suburban Housing Center (hereinafter referred to as "South Suburban" or "SSHC") is an Illinois Not-For-Profit Corporation with its principal place of business located at 18220 Harwood, Homewood, Illinois 60430. South Suburban's primary purpose is to promote equal opportunity in housing in the southern areas of Chicagoland. One of its major goals is the elimination of unlawful discriminatory housing practices. In support of its efforts to promote equal opportunity in housing, South Suburban engages in activities to identify barriers to fair housing within Illinois, to counteract and eliminate discriminatory housing practices, and to protect the rights of its clients and potential clients to enjoy the benefits of living in an integrated community. In addition, South Suburban engages in housing counseling and referral services for its clients.

B. **DEFENDANTS**

5. Defendant Forest View Condominiums II is an Illinois not-for-profit corporation organized pursuant to the Illinois Condominium Properties Act. Forest View Condominium II is the owner of the common areas of 18560 Escanaba Court, Unit 312, Lansing, IL, 60438, (the "Building") an eighteen unit condominium building. In accordance with the Illinois Condominium Properties Act, Forest View Condominium II has adopted Articles of Declaration and By-Laws that regulate the sale and occupancy of condominium units within the Building.

6. Defendant William R. Downs, Jr. is the President, Treasurer and Registered Agent of the Board of Managers of the Forest View Condominiums II and is a resident of unit 310 at the Building. All of the actions alleged herein that were taken by Downs were taken on behalf of the Forest View Condominiums II.

IV. **FACTUAL ALLEGATIONS**

7. Bernice Ward, with the assistance of her son Phillip Ward, has been trying to sell her condominium unit since at least 2011. Ms. Ward, who is 93-years old, has been a resident of a nursing home for the past year. Her condominium unit is currently vacant. She is in need of the proceeds from the sale of her residence for her living expenses.

8. Ms. Ward entered into a listing agreement with plaintiff Donald White and Coldwell Banker Residential Brokerage, located in Flossmoor, Illinois. Pursuant to the terms of that listing agreement, Mr. White was entitled to a commission in the amount of 3.5% plus $500.00 of the sale price upon the sale of Ms. Ward's unit to a willing buyer found by White. Mr. White is required to split his commission with his broker at Coldwell Banker.

9. In October of 2013, Ward successfully found a willing buyer for the condominium unit. Ward and the buyer, Denisha Dade, entered into a contract to purchase Ward's condominium unit for the price of $62,500.00. As is typically the case, the contract was contingent

upon financing. The buyer was pre-approved for financing with Citibank at 5812 S. Ellis Ave., Chicago, IL

10. When Citibank reviewed the Forest View Condominium II Association's By-laws, it discovered that the Association had adopted an illegal bylaw that reads as follows:

> 8. <u>Pets, etc.</u> No animals, rabbits, livestock, fowl or poultry of any kind including but not limited to dogs and cats, shall be raised, bred or kept in any Unit or in the Common Elements. "**No children under the age of sixteen years shall reside in any Unit.**"

11. As a result, the lender notified the parties to the transaction that Fannie Mae would refuse to purchase the mortgage debt and it would therefore not be able to make the loan as contemplated.

12. On October 29, 2013, Don White, the seller's real estate agent, on behalf of Ms. Ward, contacted the South Suburban Housing Center (SSHC) for assistance with regard to the discriminatory By-law which was preventing the sale of Ms. Ward's condominium unit. SSHC commenced an investigation into the matter and expended staff time and expense in an effort to assist the other plaintiffs in eliminating the discriminatory housing practice. SSHC determined that the Forest View Condominium II Association had made no effort to comply with the Housing for Older Persons Act requirements of the Fair Housing Act and thus was not entitled to restrict occupancy based upon familial status.

13. In an effort to salvage the real estate transaction, the lender requested that the Forest View Condominiums II Association sign paperwork which would allow Citibank to lend the buyer the sales proceeds without the need to sell the mortgage to Fannie Mae. Defendant Downs, on behalf of the Association, refused to execute the document.

14. On November 6, 2013, the buyer initially rescinded the purchase of Ms. Ward's condominium unit because of its inability to obtain timely financing from Citibank due to the

4

illegal By-law and because of the non-cooperation and hostility from Downs and the Forest View Condominium II Association.

15. The buyer has subsequently informed the plaintiffs that she is willing to complete the purchase of Ms. Ward's unit and her lender has currently extended her loan commitment until November 27, 2013.

**The Need for Emergency Injunctive Relief**

16. Section 3613(c) of the Fair Housing Act provides that

> (1) In a civil action under subsection (a) of this section, if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages, and subject to subsection (d) of this section, may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative relief as may be appropriate).

17. The discriminatory actions of the Defendant Condominium Association and its President are preventing the sale of a condominium unit that has been on the market for almost three years, by a willing seller to a willing buyer. Unless this Court enjoins the defendants from enforcing their illegal covenant or otherwise orders the defendants to effectuate the sale of Ms. Ward's unit by filling out the paperwork to allow the buyer's lender to retain the loan, the defendants' discriminatory practices will continue and the buyer and seller will be irreparably injured.

18. As a result of the defendants' discriminatory policies and practices set forth herein, Ms. Ward will be financially damaged and will lose the revenue which would be realized from the sale of her condominium unit, depriving her of much needed living expenses.

19. As a result of the defendants' discriminatory policies and practices set forth herein, the South Suburban Housing Center's time and money has been deflected away from its activities

unrelated to fair housing enforcement, to investigate the discriminatory practices of the defendant and to assist in legal efforts directed against defendant's discriminatory conduct. South Suburban's clients and potential clients have been deprived of the opportunity to own housing and enjoy the benefits of living in integrated housing owned by defendant because of their familial status. South Suburban's organizational purpose has been undermined by the presence of a discriminatory policies and practices that discriminate on the basis of familial status. See, *Simovits v. Chanticleer Condominium Association,* 933 F.Supp. 1394 (N.D. IL 1996).

20. All of the actions of Downs and of the Forest View Condominiums II Association were taken willfully, maliciously and/or with reckless disregard for the rights of the plaintiffs.

## FIRST CLAIM FOR RELIEF

21. The policy of the defendants in prohibiting children under the age of sixteen from occupancy in any unit within the Forest View Condominiums II Association discriminates against persons based upon their familial status in violation of the Federal Fair Housing Act as amended, 42 U.S.C. §§ 3604a.

## SECOND CLAIM FOR RELIEF – DISCRIMINATORY LIMITATION

22. The actions of the defendants in promulgating the illegal By-law set forth herein constitutes a discriminatory preference and limitation in violation of 42 S.C. §§ 3604(c). See e.g. *White v. U.S. Department of Housing & Urban Development,* 475 F.3d 898 (7th Cir. 2007).

## THIRD CLAIM FOR RELIEF – BREACH OF FIDUCIARY DUTY

23. The Association President, William R. Downs Jr. owes the Plaintiff Ward a fiduciary duty to reasonably cooperate with regard to the sale of her unit to a qualified and willing buyer and in the absence of the exercise of a right of first refusal, to execute those documents necessary to allow a qualified buyer to purchase the Ward's condominium unit.

24. Defendant Downs owes the plaintiff a fiduciary duty to openly and honestly provide the Association members with true and accurate information with regard to the proposed sale of Plaintiff Ward's Unit.

25. In violation of his fiduciary duty, Downs has refused and failed to execute the documents necessary to allow the sale of the Ward's unit to Ms. Dade to take place.

26. In violation of his fiduciary duty, on November 11, 2013, Downs falsely informed the members of the Association that if the sale of the Ward's Unit to Ms. Dade was allowed to take place, the Association would be liable for her mortgage amount because her lender was only requiring her to place 5% down and was granting a 95% mortgage.

27. In violation of his fiduciary duty, Defendant Downs has falsely informed the members of the Association and others that the Association's "no children under 16" restriction was legal. Upon information and belief, Defendant Downs has also breached his fiduciary duty by failing to obtain a competent legal opinion with regard to the legality of the Association's occupancy restrictions.

28. As a direct and proximate result of the above breaches of fiduciary duty, Plaintiff Ward has been unable to sell her condominium unit and will suffer financial and other damages.

29. The actions of defendant Downs, individually and on behalf of the Association, violate the Articles of Declaration, Association By-Laws or the Condominium Properties Act and were taken willfully, maliciously and/or in reckless disregard for the rights of the plaintiffs.

WHEREFORE, plaintiff respectfully request as follows:

a. This Court grant the plaintiff temporary, preliminary and permanent injunctive relief enjoining defendants from continuing to discriminate against persons on the basis of their familial status in violation of the Act.

b. That this Court grant Declaratory and injunctive relief, enjoining the enforcement of the Defendants' discriminatory Declaration and By-law prohibiting occupancy by children under the age of sixteen.

    c. That in addition to injunctive relief, this Court award Plaintiffs Ward and South Suburban Housing Center actual damages as a result of defendants' conduct, including but not limited to damages for lost revenue, lost commissions, diversion of resources and emotional injury damages.

    d. That in addition to compensatory damages, this Court award Plaintiffs Ward and South Suburban Housing Center punitive damages as a result of defendants' willful, malicious and reckless conduct.

    e. That this court award plaintiff its reasonable attorney's fees and costs.

    f. That this Court grant such other relief as it deems appropriate.

                                              Respectfully submitted,

                                              **/s** Jeffrey L. Taren

**Kinoy, Taren & Geraghty P.C.**
Attorney for Plaintiffs
Jeffrey L. Taren
Miriam N. Geraghty
224 South Michigan, Room 300
Chicago, Illinois 60604
Phone: (312) 663-5210
Fax: (312) 663-6663